**Jaburg & Wilk, P.C.**
1850 N. Central Avenue, Suite 1200
Phoenix, AZ 85004
(602) 248-1000

Alden A. Thomas (#031900)
aat@jaburgwilk.com
Corrinne R. Viola (#033386)
crv@jaburgwilk.com
Emma J. Freeburg (#038865)
ejf@jaburgwilk.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Eli Cohen,<br><br>      Plaintiff<br><br>vs.<br><br>Flagstaff Arts and Leadership Academy, Inc. a political subdivision of the State of Arizona; Andy Bessler, former President and Secretary of the Board of Directors of Flagstaff Arts and Leadership Academy, Inc; James Yih, former President of the Board of Directors of Flagstaff Arts and Leadership Academy, Inc.; Kyle Winfree, former Vice President of the Board of Directors of Flagstaff Arts and Leadership Academy, Inc.; Jason Crawley, former employee of Flagstaff Arts and Leadership Academy, Inc.; and Kara Kelty, employee of the Board of Directors of Flagstaff Arts and Leadership Academy, Inc.<br><br>      Defendants | Case No.<br><br>**COMPLAINT** |

Plaintiff Eli Cohen alleges:

23247-23247-00003\EJF\\5899115v1

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Eli Cohen ("Cohen") is an individual residing in Coconino County, Arizona.

2.      Defendant Flagstaff Arts and Leadership Academy, Inc. ("FALA") is an Arizona corporation doing business in Coconino County, Arizona.

3.      FALA operates a public charter school in Flagstaff, Arizona ("the School") and is a political subdivision of the State of Arizona.

4.      FALA is governed by a Board of Directors ("the Board").

5.      Upon information and belief, Defendant Andy Bessler is an individual residing in Coconino County, Arizona. He is currently a Board member. While Cohen was employed by FALA, he served as the Board's Secretary.

6.      Upon information and belief, Defendant James Yih is an individual residing in Coconino County, Arizona. At all relevant times, Yih served as the President of the Board.

7.      Upon information and belief, Defendant Kyle Winfree is an individual residing in Coconino County, Arizona. At all relevant times, Winfree served as the Vice President of the Board.

8.      Upon information and belief, Defendant Jason Crawley is an individual residing in Coconino County, Arizona. At all relevant times, Crawley was employed by FALA as Facilities Director.

9.      Upon information and belief, Kara Kelty is an individual residing in Coconino County, Arizona. During a portion of Cohen's tenure at FALA, Kelty was employed by FALA as the Head of School.

10.     Upon information and belief, each of the Defendants were, at all relevant times, the agent, employee, representing partner, parent company, subsidiary, and/or joint venture of the other Defendants, and such Defendants were acting within the course and scope of that relationship.

2

11.     Upon information and belief, each of the Defendants consented to, ratified, and/or authorized the acts of all other Defendants, as alleged herein.

12.     Each of the individual Defendants are sued in both their individual and official capacities.

13.     Defendants are jointly and severally liable for Cohen's injuries and damages.

14.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

15.     Venue is proper in this Court because the acts and omissions giving rise to Plaintiff's claims occurred in Coconino County, Arizona.

## GENERAL ALLEGATIONS

16.     As set forth herein, at all relevant times, FALA had policies, practices, and/or customs of retaliating against FALA teachers, parents, and/or taxpayers for expressing concerns about decisions the Board made on behalf of FALA, resulting in violations of their right to free speech under the First Amendment of the United States Constitution.

17.     At all relevant times, Defendants were in positions of total control and authority in effectuating FALA's practices, policies, and customs.

**I.     Background**

18.     On July 1, 2022, Cohen executed a three-year employment contract (the "Contract") with FALA to serve as FALA's Executive Director.

19.     Pursuant to Paragraph 6 of the Contract:

> [T]he Executive Director shall be subject to discharge for good cause provided, however, that the Board of Directors \does not arbitrarily or capriciously call for dismissal and that the Executive Director shall have the right to service of written charges, notice of hearing and a fair hearing before the Board of Directors.

3

JABURG WILK

LAW FIRM

20.     The Executive Director is FALA's highest ranking employee. The Executive Director is responsible for managing FALA's daily operations.

21.     Pursuant to Section 2.6(A) of FALA's by-laws, the Board "shall be responsible for the authorization, oversight, and when required, ratification of the acts of the administration."

22.     In or around September or October of 2022, several Board members demanded to be included in meetings, including marketing meetings, that Board members do not traditionally attend.

23.     Cohen responded to the Board members' requests by informing them of the distinct roles of Board members and FALA employees as outlined in FALA's by-laws.

**II.     The Board Retaliates Against Cohen**

24.     Beginning in or around October 2022, Cohen expressed concern about the Board's unlawful and unethical conduct.

25.     As just one example, Cohen spoke out about the Board's violations of open meeting laws.

26.     In retaliation for Cohen's perceived undermining of the Board, the Board, which included Defendants Winfree, Bessler and Yih, publicly targeted and humiliated Cohen.

27.     On October 21, 2022, the Board issued an agenda for its upcoming meeting on October 24, 2022, that included the following action item: "Discussion and possible action regarding formal or informal disciplinary or corrective action against Executive Director Eli Cohen. (*Possible executive session per A.R.S. 38-431.03(A)(1) (personnel) and A.R.S. 38-431.03(A)(3) (advice from legal counsel)."

28.     The Board's meeting agendas and meeting minutes are publicly available on FALA's website.

29.     The Board engaged in such conduct with the express intent of publicly humiliating Cohen and damaging Cohen's reputation, and it succeeded in that endeavor.

4

30.     On October 24, 2022, during the Board meeting, Cohen again expressed concerns regarding the legality of the Board's conduct.

31.     He again reported his reasonable belief the Board had violated open meeting laws.

32.     On November 4, 2022, during a Board meeting, Cohen again questioned the legality of the Board's actions.

33.     On November 6, 2022, Defendants Yih and Winfree sent Cohen a letter on behalf of the Board formally reprimanding him for "undermining the Board's efforts by questioning the legality of the Board's actions" and instructing him to "consider [his] words and actions carefully."

34.     On December 1, 2022, Cohen filed a formal grievance against the Board, FALA, and Defendants Yih, Winfree, and Bessler. The grievance contained allegations of harassment, slander, violation of due process, violation of open meeting laws, and violations of FALA policies, among others.

35.     Among other things, the grievance alleged that Defendants Yih, Winfree, and Bessler made false and defamatory statements about Cohen. Among other things, they made statements at open meetings alleging that Cohen had engaged in unlawful conduct.

36.     For example, the grievance noted that Bessler stated and/or implied Cohen engaged in conduct that jeopardized the health and safety of FALA students during an open Board meeting.

37.      The grievance further noted that Winfree stated and/or implied Cohen engaged in conduct that rendered FALA a "sinking ship on fire."

38.     It also noted Yih publicly accused Cohen of engaging in inappropriate behavior and performing his job poorly.

**JABURG WILK**
LAW FIRM

39. On December 12, 2022, during a regular Board meeting, Cohen once again raised concerns over the Board's illegal and improper conduct. Cohen called on the entire Board to resign due to this conduct.

40. On December 13, 2022, the Board retaliated against Cohen by "administratively reassign[ing] [him] to conduct [his] job responsibilities remotely, effective immediately."

41. Cohen and other FALA employees spoke out against the Board's obviously retaliatory conduct during Board meetings and in their communications with the Board.

42. In retaliation, Winfree publicly accused Cohen of conspiring to kidnap Winfree's daughter.

43. Winfree went so far as to file a police report related to this wildly false allegation.

44. The police determined Winfree's allegations had no merit.

45. Cohen reported his belief that Winfree's actions were unlawful and retaliatory to the Board.

### III. The Board and FALA Employees Continue to Retaliate and Disparage Cohen

46. On December 15, 2022, Yih, on behalf of the Board, sent a mass email to the entire FALA community announcing Cohen's reassignment to remote work.

47. The email negatively impacted Cohen's reputation as it suggested Cohen the Board was disciplining him for engaging in inappropriate conduct.

48. Upon information and belief, Winfree retaliated against Cohen by falsely and publicly accusing Cohen of failing to report child abuse, stealing school funds, and of falsifying records.

49. On or about January 6, 2023, Winfree falsely reported that Cohen "suppressed efforts to report [an] incident involving an Educator Administrator involved in possible mismanagement of funds" to the Arizona State Board of Education.

50.     Upon information and belief, Winfree made the report in retaliation for Cohen reporting Winfree's illegal conduct.

51.     Upon information and belief, Winfree engaged in such conduct in his capacity as a Board member.

52.     Alternatively, he engaged in such conduct in his individual capacity.

53.     Winfree's retaliatory statements materially damaged Cohen's reputation.

54.     Winfree's retaliatory statements humiliated Cohen and caused him to suffer from severe emotional distress.

55.     Cohen repeatedly reported to FALA that Winfree's allegations were false, retaliatory, and unlawful.

56.     On January 26, 2023, the Board submitted a Notice of Intent to Dismiss and Statement of Charges to Cohen. Therein the Board falsely accused Cohen of disclosing confidential information; stealing school funds; violating his administrative reassignment to remote work; mishandling school finances; and overreaching of authority and mishandling of contracts.

57.     Upon information and belief, the Board defamed Cohen by later repeating the false allegations contained in the Notice of Intent to Dismiss and Statement of Charges to FALA employees, parents, reporters, and other third parties on multiple occasions.

58.     The Board's defamatory statements materially damaged Cohen's reputation as an administrator.

59.     The Board's defamatory statements humiliated Cohen and caused him to suffer severe emotional distress.

**IV.    The Termination Hearing**

60.     On February 16-17, 2023, the Board held a hearing regarding Cohen's termination as Executive Director of FALA.

61.     During the termination hearing, Jason Crawley made defamatory statements falsely accusing Cohen of failing to timely pay his company's invoices.

7

1    62.    Upon information and belief, Crawley later repeated these false allegations
2  to other third parties.

3    63.    Upon information and belief, Crawley engaged in such conduct in his
4  capacity as an employee of FALA.

5    64.    Alternatively, he engaged in such conduct in his individual capacity.

6    65.    The Board ratified and authorized Crawley's statements by relying on them
7  as evidence knowing they were false, made with reckless disregard of the truth, and/or by
8  negatively failing to investigate or ascertain the truth.

9    66.    The defamatory statements made by Crawley (and ratified and authorized
10  by the Board) are false as FALA's financial records indicate Crawley's company was
11  paid in full.

12    67.    The defamatory statements made by Crawley (and ratified and authorized
13  by the Board) materially damaged Cohen's reputation as an administrator.

14    68.    The defamatory statements made by Crawley (and ratified and authorized
15  by the Board) humiliated Cohen and/or caused him to suffer from severe emotional
16  distress.

17    69.    During the termination hearing, the Board relied on a written statement by
18  Kara Kelty falsely accusing Cohen of failing to comply with state and federal laws
19  governing the administration of schools, failing to provide teachers training on safety
20  procedures, etc.

21    70.    Upon information and belief, Kelty repeated these false allegations to third
22  parties.

23    71.    Upon information and belief, Ketly engaged in such conduct in her capacity
24  as an employee of FALA.

25    72.    Alternatively, she engaged in such conduct in her individual capacity.

26

27

28

23247-23247-00003\EJF\\5899115v1

JABURG WILK
LAW FIRM

73.     Upon information and belief, Kelty knowingly defamed Cohen because she stood to fill his role if the Board terminated him. Kelty is currently FALA's Head of School.

74.     The Board ratified and authorized these false allegations by offering them as evidence knowing they were false, made with reckless disregard of the truth, and/or by negligently failing to investigate and ascertain the truth.

75.     The defamatory statements made by Kelty (and ratified and authorized by the Board) are false as Cohen fully complied with relevant laws and procedures during his time as FALA's Executive Director.

76.     The defamatory statements made by Kelty and ratified and authorized by the Board materially damaged Cohen's reputation as an administrator.

77.     The defamatory statements made by Kelty and ratified and authorized by the Board humiliated Cohen and caused him to suffer from severe emotional distress.

78.     On February 24, 2023, Cohen submitted a written closing statement to the Board responding to the false allegations made against him and citing evidence demonstrating they were objectively untrue.

79.     On March 2, 2023, Dr. Rene Diaz, the hearing officer FALA selected to preside over the termination hearing, issued written findings of fact, recommending the Board "terminate Eli Cohen's employment contract and dismiss him from employment."

80.     The vast majority of Dr. Diaz's "findings" were supported by no evidence whatsoever or were contrary to the evidence presented at the hearing.

81.     On March 7, 2023, during an open Board meeting, Yih gave a statement publicizing the contents of Cohen's termination hearing and Diaz's findings of fact to further humiliate and defame Cohen.

82.     The Board ratified and authorized these false allegations by allowing Yih to read them during a public Board meeting.

23247-23247-00003\EJF\\5899115v1

83.     The Board knew the "findings" were false, made with reckless disregard of the truth, and/or negligently failed to investigate and ascertain the truth.

84.     The findings of fact read by Yih (and authorized and ratified by the Board) alleged that Cohen paid himself $1,500.00 without the Board's knowledge or approval.

85.     This allegation is false as the Board's own Salary Stipend Schedule shows that Mr. Cohen was approved to receive a stipend for this amount.

86.     The findings of fact read by Yih and authorized and ratified by the Board also alleged that Cohen "regularly mishandles school finances and failed to conduct his duties."

87.     These allegations are false as Cohen fully complied with relevant laws and procedures during his time as FALA's Executive Director.

88.     The findings of fact read by Yih (and authorized and ratified by the Board) also alleged that Cohen "altered Board approved contract templates without any knowledge or approval from the Board."

89.     These allegations are false as Andy Bessler and Nathan Schott, the Board's counsel, advised Cohen that he could approve employment contracts and the Board would authorize them retroactively.

90.     The defamatory statements read by Yih (and ratified and authorized by the Board) materially damaged Cohen's reputation as an administrator.

91.     The defamatory statements read by Yih (and ratified and authorized by the Board) humiliated Cohen and caused him to suffer severe emotional distress.

**V.      The Board Wrongfully Terminates Cohen and Breaches His Contract**

92.     On March 7, 2023, the Board adopted Diaz's findings of fact and unanimously voted to terminate Mr. Cohen's employment contract notwithstanding the fact that Dr. Diaz's findings were not supported by evidence and/or were inconsistent with the evidence presented at the hearing.

10

23247-23247-00003\EJF\\5899115v1

93.     On March 10, 2023, the Board published Diaz's finding of fact and their decision to terminate Cohen on FALA's website.

94.     Upon information and belief, several news outlets, blogs, and online forums published excerpts of the Board's defamatory statements about Cohen.

95.     The Board's defamatory statements materially damaged Cohen's reputation as an administrator.

96.     The Board's defamatory statements humiliated Cohen and caused him to suffer from severe emotional distress.

## VI.     The Board and FALA Employees Continue to Defame Cohen

97.     On April 24, 2023, during a public Board meeting, Winfree read a letter written by Jonathan McIntyre alleging Cohen "neglected or destroyed" FALA. In the letter, McIntyre also stated "I've never met [Cohen], I hope I never do."

98.     These allegations and innuendos are false as Cohen fulfilled his duties as FALA's Executive Director.

99.     The Board ratified and authorized these false allegations by reading McIntyre's letter during a public Board meeting knowing they were false and/or made with reckless disregard of the truth.

100.    The defamatory statements read by Winfree (and ratified and authorized by the Board) materially damaged Cohen's reputation as an administrator.

101.    The defamatory statements read by Winfree (and ratified and authorized by the Board) humiliated Cohen and caused him to suffer severe emotional distress.

## VII.    The Board and FALA Employees Interfere with Cohen's Business Expectancy

102.    Cohen had a business expectancy with prospective employer(s) and received at least one job offer from a prospective employer.

103.    Upon information and belief, the Board had knowledge of Cohen's business expectancy with potential employer(s).

104.   Upon information and belief, the Board either sent or directed a third-party to send an anonymous letter to Cohen's prospective employer(s) characterizing him as a "criminal" and urging the prospective employer not to hire him.

105.   Upon information and belief, the Board intentionally interfered with Cohen's business expectancy with prospective employer(s).

106.   As a proximate result of the anonymous letter, a prospective employer rescinded Cohen's original job offer and/or declined to hire him.

107.   Upon information and belief, Board member(s) acted improperly as the characterizations in the anonymous letter are untrue.

108.   Upon information and belief, other prospective employers have also declined to hire him due to efforts by the Board to interfere with Cohen's business expectancy.

109.   As a result, Cohen has only obtained partial employment since March 7, 2023, when the Board voted to terminate his employment with FALA as its Executive Director.

110.   Cohen has continued to suffer ongoing emotional distress and loss of enjoyment of life due to Board member(s) conduct.

111.   Cohen timely served a notice of claim upon all Defendants.

### COUNT ONE
### WRONGFUL TERMINATION IN VIOLATION OF A.R.S. § 23-1501
(Against Defendant FALA)

112.   Cohen incorporates by reference all above allegations as through fully set forth herein.

113.   A.R.S. § 23-1501(A)(3)(c)(ii) makes it unlawful for an Arizona employer to terminate an employee due to " [t]he disclosure by the employee in a reasonable manner that the employee has information or reasonable belief that the employer … has violated, is violating, or will violate the Constitution of Arizona or the statutes of this state to … the employer[.]"

23247-23247-00003\EJF\\5899115v1

1    114.    Cohen filed a formal grievance against the FALA and the Board alleging

2    violations of A.R.S. § 38-431, *et seq.*, Arizona's open meeting laws, among others.

3    115.    Cohen also reported the Board for violating A.R.S. § 38-532(A), which

4    provides, "[i]t is a prohibited practice for an employee who has control over personnel

5    actions to take reprisal against an employee for a disclosure of information of a matter of

6    public concern by the employee to a public body that the employee reasonably believes

7    evidences … a violation of law."

8    116.    The Board is a public body under A.R.S. §38-531(5).

9    117.    Cohen was an employee of FALA under A.R.S. § 38-531(1).

10    118.    Furthermore, FALA terminated Mr. Cohen for reporting his reasonable

11    belief that FALA (and Dr. Winfree specifically) violated Arizona law by making false

12    reports about Mr. Cohen to the police and the Arizona Board of Education in violation of

13    A.R.S. § 13-2907.01.

14    119.    Lastly, FALA terminated Mr. Cohen in retaliation for reporting the Board

15    violated open meeting laws and his free speech rights under Article II, Section 6 of the

16    Arizona constitution.

17    120.    FALA violated A.R.S. § 23-1501 by wrongfully terminating Cohen as

18    FALA's Executive Director in retaliation for disclosing that the Board was violating

19    Arizona's state statutes and Constitution.

20    121.    As a direct and proximate result of FALA's acts and omissions, Cohen has

21    suffered significant damages including, without limitation, lost wages, lost career and

22    career and advancement opportunities, attorney fees and costs, and mental anguish,

23    emotional distress, pain and suffering, humiliation, harm to his reputation, and loss of

24    enjoyment of life.

25    …

26    …

27    …

28

23247-23247-00003\EJF\\5899115v1

**COUNT TWO**
**RETALIATION IN VIOLATION OF 42 U.S.C. § 1983**
(Against Defendants Yih, Winfree, and Bessler)

122.    Cohen incorporates by reference all above allegations as though fully set forth herein.

123.    Under 42 U.S.C. § 1983 ("Section 1983"):

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

124.    FALA is a political subdivision of the State of Arizona.

125.    Defendants Yih, Winfree, and Bessler, in their capacities as current and/or former FALA Board members, are "persons" subject to liability under Section 1983.

126.    At all relevant times, Defendants were key decision makers in positions of total control and authority in effectuating FALA's practices, policies, and customs. Their decisions abridged and contravened Cohen's rights under color of state law.

127.    Section 1983 incorporates the free speech rights set forth in the First Amendment.

128.    Defendants, acting under color of state law, repeatedly retaliated against Cohen for exercising his constitutional right to free speech.

129.    As set forth herein, Cohen engaged in a constitutionally protected activity when he, among other things, repeatedly expressed his concerns to the Board, filed a formal grievance with FALA and the Board, and spoke out at Board meetings.

130.    As a result, Defendants subjected Cohen to adverse actions that would chill a person of ordinary firmness from continuing to engage in such a protected activity. Among other things, Defendants falsely accused Cohen of kidnaping a child, failing to

14

23247-23247-00003\EJF\\5899115v1

report child abuse, stealing school funds, and of falsifying records. The Board authorized and ratified these false allegations by repeating them during public Board meetings.

131.   Defendants also assigned him to remote work via a mass email to the entire FALA community.

132.   Defendants also reported these false allegations to the Arizona State Board of Education, subjecting him to a formal investigation.

133.   Defendants' actions ultimately led to Cohen's wrongful discharge from FALA.

134.   There was a substantial causal relationship between Cohen's constitutionally protected activities and the Defendants' adverse actions against him.

135.   Defendants' actions have caused Cohen to suffer damages, including but not limited to, significant emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, and damage to reputation.

136.   Defendants' actions and inactions involved reckless or callous indifference to Cohen's federally protected rights and warrant punitive damages.

**COUNT THREE**
**DEFAMATION**
(Against all Defendants)

137.   Cohen repeats and realleges each allegation if this Complaint as is fully set forth in this claim.

138.   At all relevant times, Defendants were agents of FALA such that FALA may be vicariously liable for their actions.

139.   Alternatively, to the extent Defendants actions were outside the scope of their employment and/or position with FALA, they may be held liable in their individual capacity.

140.   As set forth herein, Defendants published through various means, statements, insinuations, and innuendo to third persons, including without limitation, Cohen's peers and other members of the community, allegations that are false and

15

defamatory in nature. Those allegations were then repeated and discussed on social medial platforms, in news articles, etc.

141.   All such statements, insinuations and innuendo alleged herein were false and defamatory, bringing Cohen into disrepute, contempt, or ridicule.

142.   No such statement, insinuation or innuendo was privileged.

143.   Defendants published all such statements, insinuations and innuendo knowing that they were false, with reckless disregard of the truth, or negligently in failing to investigate and ascertain the truth.

144.   Each such statement, insinuation and innuendo alleged herein, singularly or in combination, has impeached and continues to impeach the honesty, integrity and reputation of Cohen.

145.   FALA is liable for such damages.

146.   Alternatively, the Individually named defendants are individually liable for such damages to the extent they were not acting in the course and scope of their employment and/or agency relationship with FALA when defaming him.

147.   Defendants published such statements, insinuations and innuendo with actual malice and a deliberate indifference or recklessness as to the truth or falsity of any such statement, insinuation, or innuendo for the specific purpose of damaging Cohen's good name, standing and reputation in the community.

148.   As such, Cohen is entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in the same or similar conduct.

149.   As a direct and proximate result of Defendants' conduct, Cohen has been damaged as he has suffered mental anguish, emotional distress, pain and suffering, humiliation, harm to his reputation, and loss of enjoyment of life.

…

16

23247-23247-00003\EJF\\5899115v1

JABURG WILK

LAW FIRM

**COUNT FOUR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Against all Defendants)

150.    Cohen incorporates by reference all above allegations as though fully set forth herein.

151.    FALA, through its agents as described herein, engaged in conduct against Cohen that was extreme and outrageous.

152.    At all relevant times, Defendants were agents of FALA such that FALA may be vicariously liable for their actions.

153.    Alternatively, to the extent Defendants actions were outside the scope of their employment and/or position with FALA, they may be held liable in their individual capacity.

154.    Winfree knowingly and falsely publicly accused Cohen of kidnaping his child, failing to report child abuse, stealing school funds, and falsifying records to humiliate Cohen and/or cause him severe emotional distress. The Board authorized and ratified these false allegations by repeating them during public Board meetings to further humiliate Cohen and/or cause him severe emotional distress.

155.    Winfree reported such false allegations to the Arizona State Board of Education to subject Cohen to an unwarranted and public investigation to humiliate Cohen and/or cause him severe emotional distress.

156.    Yih knowingly and falsely publicly accused Cohen of mishandling school finances and failing to conduct his duties to humiliate Cohen and/or cause him severe emotional distress. The Board authorized and ratified these false allegations by permitting Yih to make them during a public Board meeting to humiliate Cohen and/or cause him severe emotional distress.

157.    The Board administratively reassigned Cohen to remote work via a mass email with the express intent of humiliating Cohen and or/causing him severe emotional distress.

17

158.    The Board also shared false allegation to Cohen's peers and others in the community with the express intent of humiliating Cohen and/or causing him severe emotional distress.

159.    Crawley knowingly and falsely publicly accused Cohen of falsifying records and failing to pay invoices to humiliate Cohen and/or cause him severe emotional distress. The Board ratified and authorized Crawley's false allegations by allowing them to be made during the termination hearing and then including them in the findings of fact to further humiliate Cohen and/or cause him severe emotional distress.

160.    Kelty knowingly and falsely accused Cohen of failing to comply with state and federal laws governing the administration of schools and failing to provide teachers with training on safety procedures to humiliate Cohen and/or cause him severe emotional distress. The Board ratified and authorized Kelty's false allegations by allowing them to be read during the termination hearing to humiliate Cohen and/or cause him severe emotional distress.

161.    Even after Cohen was wrongfully terminated as Executive Director of FALA, the Board continued to harass Cohen by publicizing false allegations about Cohen during public board meetings to humiliate him and/or cause him severe emotional distress.

162.    Upon information and belief, the Board also sent a letter or directed a third party to send a letter to Cohen's prospective employer(s) characterizing him as a "criminal" with the express intent of humiliating Cohen and/or causing him severe emotional distress.

163.    The Board knew this statement was false and presumably acted or made this directive for the express purpose of humiliating Cohen and/or causing him severe emotional distress.

164.    Defendants engaged in such outrageous conduct intentionally and/or with reckless disregard for the near certainty that such distress would result from such conduct.

23247-23247-00003\EJF\\5899115v1

165.    Through the acts and omissions described herein, Defendants' actions went beyond mere callousness or insensitivity, particularly because FALA, its agents, and or Defendants in their individual capacity knew that the allegations of Cohen's criminal actions were false.

166.    Cohen has suffered, and continues to suffer, severe emotional distress as a result of Defendants' outrageous actions.

167.    Defendants acted with malicious intent such that an award of punitive damages is warranted.

## COUNT FIVE
## INTENTIONAL INTERFERENCE WITH CONTRACT AND/OR BUSINESS EXPECTANCIES
(Against Defendant FALA)

168.    Cohen incorporates by reference all above allegations as though fully set forth herein.

169.    Cohen had a business relationship and/or business expectancy with several prospective employers. At least one prospective employer offered him a job.

170.    Upon information and belief, the Board had knowledge of Cohen's business relationship and/or business expectancy.

171.    Upon information and belief, the Board intentionally interfered with that business expectancy, by either sending or directing a third party to send a letter to Cohen's prospective employer characterizing him as a "criminal" and urging the prospective employer to not to hire him.

172.    Defendants' interference with Cohen's business expectancy caused the prospective employer to rescind Cohen' job offer.

173.    Defendants' acts and omissions were improper, were accomplished for an improper purpose, and were in no way justified.

174.    Defendants' acts and omissions were not only improper, but they were also outrageous by current prevailing social standards and were motivated by spite, ill will,

19

1    hatred and evil intent, thus entitling Cohen to an award of punitive damages in such

2    amount as a Court or jury may award at trial.

3        175.    As a direct and proximate result of Defendants' conduct, Cohen has been

4    damaged by being prevented from gaining employment, has lost wages, benefits and

5    prestige, has suffered mental anguish, emotional distress, pain and suffering, humiliation,

6    harm to his reputation, and loss of enjoyment of life.

## REQUEST FOR JURY TRIAL

176.    Cohen requests a jury trial on all claims set forth herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Eli Cohen requests a judgment against Defendants as

follows:

A.    For compensatory damages in an amount to be proven at trial;

B.    For consequential damages;

C.    For an award of punitive damages to punish and deter future similar

conduct;

D.    For prejudgment interest at the highest legal rate from the date due until the

date of judgment;

E.    For reasonable attorneys' fees and costs as allowed by statute, including 42

U.S.C. § 1988;

F.    For costs;

G.    For interest on the foregoing amounts at the highest legal rate from the

date of Judgment until paid; and

H.    For entry of an order declaring Defendants' acts and practices complained

of herein were in violation of 42 U.S.C. § 1983 and Arizona law; and

I.    For such other and further relief as is proper and just.

20

1    **DATED** this 5th day of March, 2024

2

3                                            **JABURG & WILK, P.C.**

4                                            */s/ Alden A. Thomas*
                                             Alden A. Thomas (#031900)
5                                            aat@jaburgwilk.com
                                             Corrinne R. Viola (#033386)
6                                            crv@jaburgwilk.com
                                             Emma J. Freeburg (#038865)
7                                            ejf@jaburgwilk.com
                                             1850 N. Central Avenue, Suite 1200
8                                            Phoenix, AZ 85004

9                                            *Attorneys For Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23247-23247-00003\EJF\\5899115v1